EMILIO M. GARZA, Circuit Judge,
dissenting from Denial of Rehearing En Banc, joined by JONES, SMITH, CLEMENT, and OWEN, Circuit Judges:
The en banc court, by denying en banc review, effectively adopts the panel majority’s opinion rejecting the dictates of Fisher v. University of Texas at Austin which requires that this court not defer to the University’s claim that its use of racial classifications in its admissions process is narrowly tailored to its stated goal. — U.S. -, 133 S.Ct. 2411, 2420, 186 L.Ed.2d 474 (2013). Clearly the panel majority dutifully bows to Fisher’s requirements, but then fails to conduct the strict scrutiny analysis it. requires, thus returning to the deferential models of Regents of University of California v. Bakke, 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978), and Grutter v. Bollinger, 539 U.S. 306, 123 S.Ct. 2325, 156 L.Ed.2d 304 (2003).
In my dissent, I explain and analyze with some detail the University’s position, in which it fails to furnish any articulated meaning for its stated goal of “critical mass.” Fisher v. Univ. of Tex. at Austin, 758 F.3d 633, 666-75 (5th Cir.2014) (Garza, J., dissenting). By not providing a clear definition of that end goal, the University eliminates any chance that this court could conduct the “most rigid scrutiny” of its race-conscious admissions, program. See Fisher, 133 S.Ct. at 2419 (quoting Loving v. Virginia, 388 U.S. 1, 11, 87 S.Ct. 1817, *276 18 L.Ed.2d 1010 (1967)). Analytically, Fisher requires that the University’s stated goal not be confined to the assessment of the University’s decision to pursue diversity, but also reach the narrow tailoring analysis. “The University must prove that the means chosen by the University to attain diversity are narrowly tailored to that goal. Id. at 2420.”
For these reasons, more comprehensively stated in my panel dissent, I respectfully dissent from the denial of rehearing en banc.